**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shidan Dahnad, | No. CV-14-01294-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) to which Respondents filed an Answer (Doc. 9). Following a thorough and comprehensive analysis, and what was obviously a painstaking review of a voluminous record, Magistrate Judge Fine recommended denial of and dismissal with prejudice of the Petition. (Doc. 14). Petitioner filed timely objections (Doc. 15). Respondents filed none.

**I.    R&R**

The R & R accurately identifies the seven claims which the Petition raises. (Doc. 14 at 5:24-6:9. In their answer, Respondents took the position that "some portions" of Petitioner's ineffective assistance of trial counsel ("IAC") claim were procedurally barred. (*Id*. at 6:10). Respondents also took the position that Petitioner's claims of (1) bias and partiality by the trial judge and (2) that the "cumulative effect of Grounds One through Six violated [his] right to due process[]" were procedurally barred. (*Id*. at 6: 8-

9). As to the Petition's remaining claims, Respondents argued that they were "without merit." (Id. at 6:11) (citation omitted).

Before addressing the Petition's claims, Magistrate Judge Fine considered "two additional IAC claims that [Petitioner] openly admit[ted] [were] not . . . presented to the state courts." (Doc. 14 at 6:15-16) (citation omitted). After carefully analyzing these two claims, the Magistrate Judge found that neither "present[ed] a substantial claim of [IAC] which would permit . . . [an] exception to the procedural bar[]" under *Martinez v. Ryan*, 566 U.S. 1 (2012). (*Id.* at 10:25-27; *see also id*. at 8:25-27). As to the second new IAC claim, the Magistrate Judge further explained that it was without merit.

Then, turning to Petitioner's claims of judicial bias, the Magistrate Judge found that such claim was procedurally barred, and hence not properly subject to review in the habeas court. The Magistrate Judge further found that this particular claim was subject to an implied procedural bar and that Petitioner did "not demonstrate[] either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice." (Doc. 14 at 11:16-17). Similarly, as to Petitioner's claim regarding the cumulative effect of all claims raised, the Magistrate Judge found that Petitioner did not contend that such claim was exhausted and it was not. Such claim also was subject to an implied procedural bar, for the same reasons as was his Petitioner's judicial bias claim. (*See id*. at 11:24-28).

With respect to Petitioner's exhausted claims, ten in all, including his various IAC theories, the Magistrate Judge again carefully examined each and found them all to be without merit for one reason or another. (Doc. 14 at 12-28). In light of the foregoing, the Magistrate Judge found that Petitioner was not entitled to habeas corpus relief, and recommended denial of his Petition and dismissal with prejudice. The Magistrate Judge further recommended denial of a Certificate of Appealability because "dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable." (*Id*. at 29:1-2). The parties were advised by the Magistrate Judge that they had "fourteen (14) days from the date of service of a copy of [the R&R] within which to file *specific* written objections with the Court." (Id. at 29:6-8) (citing 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure) (emphasis added).

## II. Petitioner's Objections

Petitioner timely filed his objections, broadly asserting that he is "entitled as a matter of right to de novo review" and "an evidentiary hearing" in this Court. (*See*, *e.g.*, Doc. 15 at 1:24-25; 2:21-22 (citation omitted). Petitioner uniformly objects to the Magistrate Judge's "factual findings and legal conclusions" which pertain to the following four claims. (*See*, *e.g.*, id. at 2:18-19). The first claim arises from Petitioner's waiver of his constitutional right to a jury trial. The second is Petitioner's IAC claim predicated upon eight different theories. The third is Petitioner's claim that his "conviction must be reversed because [he] was prohibited from presenting an affirmative defense and character evidence." (*Id.* at 4:4-6). Petitioner's fourth claim is that "[i]nadmissible evidence was admitted at trial in violation of Rule 404(b) and (c)." (*Id.* at 4:13-14). Not surprisingly, Petitioner also objects to the recommendations that his Petition be denied and dismissed with prejudice and that he be denied a Certificate of Appealability.

## III. Standard of Review

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . .of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989) (emphasis added); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R, [*Reyna–Tapia*,] 328 F.3d [at] 1121. . . ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and

recommendations that the parties themselves accept as correct")[.]"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings [,]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)), as Magistrate Judge Fine advised the parties herein. (Doc. 14 at 29:13-15) (citation omitted). Finally, "[a]lthough the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R & R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. 2014) (citing *See*, *e.g.*, *Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.' ")); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988); *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

**IV. Discussion**

Petitioner did filed timely objections, but he did not specifically object to any of the information included in the R&R's background section. Thus, consistent with 28 U.S.C. § 636(b)(1)(C), and the case law construing it, the Court is not reviewing that particular section at all. For a different reason, the Court finds that it has no independent obligation to engage in a de novo review of those portions of the R & R to which Petitioner did object. Petitioner has not triggered de novo review because, as is readily apparent, his objections lack the requisite specificity. Petitioner's general objection to the unspecified factual findings and legal conclusions by the Magistrate Judge does not provide this Court for any meaningful basis for review because Petitioner has not articulated why he objects to these findings and conclusions. Further, where, as here, Petitioner's objections point to not a single flaw in the R & R's analysis, they have the same effect as would a complete failure to object. Indeed, if this Court were to undertake de novo review of Petitioner's general objections, it would defeat the "obvious purpose"

- 4 -

of the specific objection requirement, which "is judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties." *See Warling*, 2013 WL 5276367, at \*2 (citing *Thomas*, 474 U.S. at 149; *Reyna–Tapia*, 328 F.3d at 1121). "Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object." *See id.* (citing *Howard*, 932 F.2d at 509; *Haley v. Stewart*, 2006 WL 1980649, at \*2 (D. Ariz. 2006)). In light of the foregoing, the Court has no obligation to review Petitioner's general objections to the R & R. *See id.* at \*2 (citing *Thomas*, 474 U.S. 149).

Although the Court could simply accept the R & R based upon this case law, it did not. The Court reviewed the R & R, some of the many various exhibits referenced therein, and the applicable law. After so doing, the Court is left with the firm conviction that Magistrate Judge Fine's recommendations are well taken and are supported by a correct application of the law throughout.

**V.    Conclusion**

Accordingly, **IT IS ORDERED** that Magistrate Judge Fine's Report and Recommendation (Doc. 14) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the Petitioner is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

**Dated** this 18th day of May, 2017.

Honorable Diane J. Humetewa
United States District Judge